**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re: DONNA M. HAYES, | ) | Case No. 12-61487-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DONNA M. HAYES, | ) | Adv. No. 12-06067 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the court on a complaint by Donna M. Hayes ("the Plaintiff" or

"the Debtor") seeking to avoid a lien arising under a deed of trust in favor or Wells Fargo Home

Mortgage, ("Wells Fargo").  Also before the court is the chapter 13 trustee's objection to the

Debtor's chapter 13 plan.

*Jurisdiction*

1

This Court has jurisdiction over this matter.  28 U.S.C. § 1334(a) & 157(a).  This

proceeding is a core proceeding.  28 U.S.C. § 157(b)(2)(A)&(K).  This Court may enter a final

order.  This memorandum shall constitute the Court's findings of fact and conclusions of law as

required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P.

7052.

### *Facts*

On November 7, 2010, the Debtor filed a Chapter 7 petition in the Eastern District of

Virginia.  Venue was improper.  Wells Fargo was a creditor in that case holding both a first and

second deed of trust on the Debtor's residence.  On the basis of these claims, Wells Fargo filed

two motions for relief from the automatic stay, one based on each of the deeds of trust.  The

Debtor and her counsel both failed to appear at the first meeting of creditors and also at the

rescheduled meeting of creditors.  The Debtor was represented by the Vienna Law Group. The

case was subsequently dismissed.

On March 7, 2011, the Debtor filed a Chapter 7 petition in the Western District of

Virginia.  Venue was proper.  At that time she had been unemployed for approximately three

years and was living on $1,500.00 per month.  The Debtor was again represented by the Vienna

Law Group.  Counsel was two hours late for the first meeting of creditors.  After the first

meeting of creditors was conducted, in March of 2011, the Debtor obtained full-time

employment.

During this second Chapter 7 case, Wells Fargo again filed two motions for relief from

the automatic stay, one based on each of the deeds of trust.  In the motions, Wells Fargo asserted

that the Debtor was behind $50,161.18 on the first deed of trust and $9,460.35 on the second

deed of trust.  The Court granted both motions for relief from the stay.   On June 17, 2011, the

Debtor received a discharge in the second Chapter 7 case and the case was closed.

Thereafter, Wells Fargo attempted to sell the Debtor's residence at auction on three

separate occasions.  None of the auctions resulted in a sale.  Wells Fargo then agreed to modify

the debt owed under the first deed of trust. The first deed of trust was approximately

$315,460.00.    The Debtor's residence was appraised at $212,000.00.  According to the Debtor,

the modification "cured a $76,000.00 default" for the Debtor.

On June 21, 2012, the Debtor filed another petition initiating the above-styled Chapter 13

case.  The Debtor was not represented by Vienna Law Group in this case.  No unsecured claims

were filed.  The Debtor's plan ("the Plan") provided for payments totaling $3,600.00.  The Plan

only provided for payments to the Debtor's counsel and the Chapter 13 trustee.   The Plan also

provided for the avoidance of Wells Fargo's second deed of trust.  Wells Fargo and the Debtor

have entered into a consensual[1] judgment avoiding the second deed of trust, which is only

subject to the approval of this court and the completion of performance under the Debtor's

Chapter 13 Plan.

The Debtor scheduled priority tax claims totaling $2.00 [sic] and did not schedule any

general unsecured claims.  The Debtor's proposed Plan provides for sixty monthly payments of

$60.00 each.  The total payment to creditors under the Plan is $3,600.00.  The only claim filed in

this case was filed by the Internal Revenue Service ("IRS").  The IRS, however, subsequently

filed an amended claim in the amount of $0.00.   Consequently, there are no priority or general

---

[1]        The proposed judgment refers to itself as "this *Default* Judgment Order for Cancellation and Avoidance of the Lien on Plaintiff's Residential Real Estate".  (Emphasis added.) The judgment is not a default judgment.

3

unsecured claims to be paid under the Plan.

The Chapter 13 trustee objects to the Plan on the grounds that it is filed in bad faith.

*Discussion.*

This matter comes before the court for consideration of two issues, whether the Debtor

may avoid the Defendant's lien and whether the Debtor's Chapter 13 Plan may be confirmed.

I.

The first issue before the court is whether a debtor may avoid a lien in a Chapter 13

bankruptcy case if the value of the collateral is less than all senior liens and if the debtor is not

eligible to receive a discharge in the case. In this instance, the lien in question is wholly

unsecured.  In *In re Helton*, 11-60126 (Bankr. W.D. Va. 2011) this court discussed extensively

whether a lien could be avoided in a case under somewhat similar circumstances as that at bar.  It

was concluded, generally, that a debtor is permitted to avoid a consensual lien on a debtor's

residence if the amount of the senior liens are greater than the value of the residence.  While the

trustee has filed an answer and objection to the Debtor's complaint seeking to avoid Wells

Fargo's lien arising from its second deed of trust, his argument concern whether the petition was

filed in good faith, not whether the lien may be avoided.  For that reason and for the reasons

stated in *Helton*, it is concluded that the Debtor may avoid Wells Fargo's lien arising from its

second deed of trust.

II.

We turn next to the issue of whether the Debtor filed her plan in good faith.[2]  The

---

[2]    In his brief, the Chapter 13 trustee refers to whether the Debtor filed her petition in good faith.
The brief, however, cites Section 1325(a)(3) which requires that a plan must be filed in good.  Further, the trustee's
argument is based on this court's opinion in *Helton*, which concerns whether a plan is filed in good faith.

4

Chapter 13 trustee argues that the plan is not proposed in good faith. A bankruptcy court shall

confirm a plan if, among other things, the plan has been proposed in good faith and not by any

means forbidden by law. 11 U.S.C. § 1325(a)(3).

The Fourth Circuit Court of Appeals has provided guidance for trial courts in considering

whether a plan is proposed in good faith.

> While no precise definition can be sculpted to fit the term "good faith" for every Chapter
> 13 case, we think the generally accepted definition of "good faith" as used in Chapter 11
> of the old Bankruptcy Act, 11 U.S.C. § 766(4) (1976) (repealed), provides the general
> parameters:
>
>> A comprehensive definition of good faith is not practical. Broadly speaking, the
>> basic inquiry should be whether or not under the circumstances of the case there
>> has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the
>> proposal or plan....
>
> 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978), cited in *In re Goeb*, 675 F.2d 1386,
> 1390 n. 9; *In re Rimgale*, 669 F.2d 426, 431 (7th Cir.1981); *In re Terry*, 630 F.2d 634,
> 635 n. 3 (8th Cir.1980).

*Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982).

The determination of whether a Chapter 13 plan has been proposed in good faith is to be

determined by considering all militating factors. *Deans*, 692 F.2d at 972. The totality of

circumstance must be examined on a case by case basis. *Id.* Factors that are to be considered

include, but are not limited to, the percentage of proposed repayment, the debtor's financial

situation, the period of time payment will be made, the debtor's employment history and

prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the

debtor's honesty in representing facts, and any unusual or exceptional problems facing the

particular debtor. *Id.*

As with any totality-of-the-circumstances test, the inquiry does not consist of a simple

accounting. *Carolin Corp. v. Miller*, 886 F.2d 693, 701 (4th Cir. 1989). ("The dangers of

overemphasis on particular indicia or patterns, of engaging in mere indicia-counting, and of

forcing particular facts into previously identified patterns is obvious, and must be guarded

against.")  No single factor will necessarily lead to a finding of bad faith. *Id.*  Each factor is to

be considered in light of its weight and relevance in the case under consideration. A factor that

is determinative in one case may be of no consequence in another.

In *Helton*, this court focused on the following factors:  (1) the debtor's past bankruptcy

filing; (2) the nature and amount of unsecured claims; and (3) the percentage of proposed

repayment.  The Court concluded that sole purpose in that case was to avoid the liens of the three

defendants that could not be avoided in the debtor's Chapter 7 case.

There are, however, important facts present in the current case that were absent in

*Helton*.  In this case, Wells Fargo, the creditor holding the lien, has consented to the entry of a

judgment avoiding its lien that arises under the second deed of trust.   This decision follows three

failed attempts to auction off the collateral Real Property and an agreement between the parties

resulting in a significant modification of Wells Fargo's first deed of trust.

In this case, the filing of the petition and the filing of the Plan do not constitute bad faith

because the Debtor has not, under the singular circumstances of the case,  forced any creditor to

accept a modification of its rights.  Rather, the Plan only modifies the claim of Wells Fargo and

Wells Fargo has agreed to that modification.  Accordingly, the Debtor has not abused the

provisions, purpose, or spirit of Chapter 13 in the proposed Plan.

### *Conclusion*

The Debtor's proposed judgment shall be entered avoiding the Wells Fargo's lien under

its second deed of trust.

Further, an order shall be entered confirming the Debtor's Chapter 13 Plan.

Upon entry of this memorandum the Clerk shall forward a copy to Larry L. Miller, Esq.,

Wells Fargo Home Mortgage, and the Chapter 13 trustee.

Entered on this 11th day of October, 2012.

William E. Anderson
United States Bankruptcy Judge